

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-20-2008

# In Re: Jesus Rosario

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1193

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Jesus Rosario " (2008). *2008 Decisions*. Paper 1563.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1563

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**ALD-129** NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1193
_____

IN RE: JESUS ROSARIO,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Civ. No. 05-cr-00214-01)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 14, 2008

Before: SLOVITER, FISHER and HARDIMAN, Circuit Judges.

(Filed: February 20, 2008 )
_____

OPINION
_____

PER CURIAM

Jesus Rosario, a federal prisoner incarcerated at the United States Penitentiary-

Hazelton in Bruceton Mills, West Virginia, filed a pro se motion to vacate under 28

U.S.C. § 2255 in the United States District Court for the Eastern District of Pennsylvania

on July 26, 2007.[1] The government filed a motion to dismiss the § 2255 motion on

_____

[1]In August 2005, Rosario pled guilty to one count of possession with intent to
deliver cocaine. He was sentenced to 120 months in prison in March 2006. This Court

August 16, 2007. On August 21, 2007, Rosario filed a response in opposition and filed his § 2255 motion on the correct form, in compliance with a District Court order. According to Rosario, on October 23, 2007, he filed a "motion to compel review and disposition" of the § 2255 motion in the District Court, after the District Court failed to schedule a hearing on the government's motion to dismiss or issue an order disposing of the motion on the papers.[2] On December 6, 2007, Rosario attempted to file a "petition for permission to appeal or motion in the court of appeals for a second or successive appeal," requesting immediate review of his § 2255 motion in this Court in the absence of any action by the District Court to dispose of the matter. The motion, construed as a petition for a writ of mandamus under Rule 21 of the Federal Rules of Appellate Procedure, is denied for the reasons that follow.

Mandamus is a drastic remedy granted only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To prevail, the petitioner must establish that he has "no other adequate means" to obtain relief, and that he has a "clear and indisputable" right to issuance of the writ. Id. at 378-79. Although a federal

---

granted the government's motion to enforce Rosario's waiver of appeal and summarily affirmed the judgment of conviction. See United States v. Rosario, C.A. No. 06-2018 (3d Cir. Apr. 27, 2007).

[2]Although Rosario certified that he sent the motion to the District Court, the motion to compel does not appear on the District Court docket. There is no need to explore the many possible reasons why the document did not make it to the District Court docket. We note only that, because there was no record of the motion having been filed or docketed in the District Court, the District Court judge certainly would have had no reason to know that it existed.

2

appellate court may issue a writ of mandamus on the grounds that undue delay is tantamount to a failure to exercise jurisdiction, <u>Madden v. Myers</u>, 102 F.3d 74, 79 (3rd Cir. 1996), the manner in which a court controls its docket is discretionary. <u>In re Fine Paper Antitrust Litig.</u>, 685 F.2d 810, 817 (3d Cir. 1982).

Rosario has not demonstrated that his right to the writ is clear and indisputable, nor has he explained why he has no other adequate means of relief. Rosario's § 2255 motion has been pending in the District Court only for about six months. As no impediment appears to preclude disposition of the matter at this time, we are confident that the District Court will consider Rosario's § 2255 motion as expeditiously as possible and will promptly issue a ruling. To the extent that Rosario seeks an extraordinary writ under Fed. R. App. P. Rule 21 to reopen his direct appeal, or petitions this Court for permission to appeal under Fed. R. App. P. 5, it is denied.